IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK S. RHINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SEASONAL HOME CARE INC., | ) |
| JASON MARKIEWICZ, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff brings this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. Plaintiff complains that Defendant Seasonal Home Care Inc. ("SHC"), at the direction of Defendant Jason Markiewicz, placed numerous telemarketing calls to Plaintiff even though he was on the National Do Not Call Registry, invading his privacy and causing the loss of time and effort.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA affords special protections for people who registered their residential phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call after being registered on the National Do Not Call Registry is entitled to recover damages of at least $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were

placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:
   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.
   b. Are located in Illinois.

8. Venue in this District is proper for the same reason.

## PARTIES

9. Plaintiff Frederick S. Rhine is a resident of Cook County.

10. Mr. Rhine has had his home phone ending in 2320 listed on the National Do Not Call Registry since July 2, 2003.

11. Defendant SHC is an Illinois corporation with its principal office at 1039 College Ave., Unit H, Wheaton, IL 60187. It provides window cleaning and other home services.

12. Defendant Jason Markiewicz is the sole officer of SHC and may be found at 1039 College Ave., Unit H, Wheaton, IL 60187.

13. Defendant Jason Markiewicz responds to complaints about SHC through the Better Business Bureau and other intermediaries, including complaints about telemarketing to persons on the National Do Not Call Registry.

## FACTS

14. On at least the following dates, Defendant SHC placed calls to Plaintiff for the

purpose of selling home care services:

    a.    July 14, 2021, at 12:01 pm.

    b.    July 26, 2021, at 10:25 am.

    c.    August 10, 2021, at 10:08 am.

    d.    August 20, 2021, at 12:21 pm.

    e.    August 23, 2021, at 9:49 am.

    f.    August 31, 2021, at 10:30 am.

    g.    September 7, 2021, at 11:10 am.

    h.    September 11, 2021, at 12:19 pm.

    i.    September 16, 2021, at 12:16 pm.

    j.    September 27, 2021, at 11:39 a.m.

    k.    October 15, 2021, at 10:18 a.m.

    l.    October 19, 2021, at 10:34 a.m.

15. Discovery may reveal additional unsolicited, pre-recorded and/or artificial voice calls to Plaintiff placed by or on behalf of SHC.

16. Plaintiff did not consent to such calls.

17. Plaintiff did not provide his number to Defendants.

18. Plaintiff had no prior business relationship with SHC.

19. Plaintiff never inquired of SHC about any products or services.

20. Defendant SHC had received numerous complaints about its telemarketing calls prior to July 14, 2021, including calls to persons on the National Do Not Call Registry.

21. Defendant Jason Markiewicz received the complaints.

22. With knowledge of the complaints and the illegality of calling persons on the National Do Not Call Registry, Defendant Markiewicz directed SHC to continue making calls to such persons.

23. The placement of calls after that date was a wilful violation of the TCPA.

24. Complaints from others about Defendants' telemarketing calls found on the Better Business Bureau website are attached as Exhibit A.

25. Complaints from others about Defendants' telemarketing calls found on Yelp are attached as Exhibit B.

26. Unless enjoined, Defendants will continue to place such calls.

27. Defendants' conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing calls. Defendants' calls intruded upon the rights of Plaintiff to be free from invasion of his interest in seclusion.

28. Defendants' conduct caused Plaintiff to waste time and energy answering, addressing and/or otherwise responding to the unwanted calls.

## COUNT I – TCPA

29. Plaintiff incorporates paragraphs 1-28.

30. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one phone call "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§227(c)(1), (c)(5); 47 C.F.R. §64.1200(c)(ii).

31. Statutory damages for each call placed in violation of the TCPA's restrictions on calling phone numbers registered on the National Do Not Call Registry are $500 per call and up to $1,500 per call if the violation is determined to be willful. See 47 U.S.C. §227(c)(5).

32. In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. See 47 U.S.C. §227(c)(5)(A).

33. By making calls to Plaintiff's phone after his number was registered on the National Do Not Call Registry, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. §§227(c)(1) and the implementing regulations.

WHEREFORE Plaintiff requests the Court grant the following relief:

      i.      Statutory damages of $18,000.

      ii.     An injunction against further calls;

      iii.    Costs;

      iv.    Such other or further relief as is proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

34.     Plaintiff incorporates paragraphs 1-28.

35.     Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by systematically calling persons whose phone numbers are registered on the National Do Not Call Registry or who have requested that Defendants do not call them.

36.     Defendants engaged in such practices in the course of trade and commerce.

WHEREFORE Plaintiff requests the Court grant the following relief:

      i.      Actual damages;

      ii.     Punitive damages;

      iii.    An injunction against further calls;

      iv.    Attorney's fees, litigation expenses and costs;

      v.     Such other or further relief as is proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cassandra P. Miller (ARDC 6290238)
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)